The Honorable Jim Argue State Senator 5905 Forest Place, #210 Little Rock, Arkansas 72207-5245
Dear Senator Argue:
This official Attorney General opinion is rendered in response to certain questions you have presented concerning the "Kinship Foster Care Program" that was created by Act 445 of 1995 (codified at A.C.A. § 9-28-501 etseq.)
The particular provisions of the Act that give rise to your questions are the following:
9-28-503. Powers and duties of division-Eligibility standards.
 (a)(1) When a child has been removed from his home and is in the care, custody, or guardianship of the division, the division shall attempt to place the child with a relative for kinship foster care.
* * *
 (e) If the relative is approved by the division to provide foster care services, in accordance with rules and regulations adopted by the division regarding foster care services, and a placement with the relative is made, the relative shall be eligible to receive payment for the full foster care rate for the care of the child and any other benefits that might be available to foster parents, whether in money or in services.
A.C.A. § 9-28-503(a)(1) and (e) (emphasis added). It should be noted that the term "division," as used in the above-quoted statute, refers to the Division of Children and Family Services. See A.C.A. § 9-28-502(1).
Regarding the above-quoted provisions, you have asked:
 (1) For purposes of Act 445 of 1995, at what point is a child in the "care, custody or guardianship of the division?" (Is it when the child is physically taken into custody? Is it when the emergency order is obtained? Is it when the judge orders the child into the care of DHS at the probable cause hearing?)
 (2) Is it accurate to interpret Act 445 to mean that if at the probable cause hearing the judge gives temporary custody of the child to a relative that the relative would be entitled to Kinship Foster Care payment and benefits, provided the relative and the home meet the eligibility standards for foster parents?
 (3) If a child who is in the "care, custody or guardianship of the division" is placed with a relative, does DCFS have discretion in whether the relative receives Kinship Foster Care payment and benefits, or is the relative automatically eligible, provided that both the relative and the home meet the eligibility standards set forth in Act 445 and DHS regulations governing foster care?
RESPONSE
Question 1 — For purposes of Act 445 of 1995, at what point is a child inthe "care, custody or guardianship of the division?" (Is it when thechild is physically taken into custody? Is it when the emergency order isobtained? Is it when the judge orders the child into the care of DHS atthe probable cause hearing?)
It is my opinion that for purposes of Act 445 of 1995, a child is in the "care, custody or guardianship of the division" when the child is initially taken into custody physically by the Department of Human Services.
The phrase "when a child . . . is in the care, custody, or guardianship of the division" is significant for purposes of Act 445 to the extent that it delineates the point at which a child can be placed in Kinship Foster Care, as created by the Act.
Under the procedures that are set forth in the Juvenile Code, a child can be physically removed from his or her parent, guardian, or custodian by the Department of Human Services prior to the issuance of a court order, under the authority of A.C.A. § 9-27-313, which states:
9-27-313. Taking into custody.
 (a) A juvenile may be taken into custody without a warrant prior to service upon him of a petition and notice of hearing or order to appear as set out under § 9-27-312, only:
* * *
 (3) By a law enforcement officer or by a duly authorized representative of the Department of Human Services if there are clear, reasonable grounds to conclude that the juvenile is in immediate danger and that removal is necessary to prevent serious harm from his surroundings or from illness or injury and if parents, guardians, or others with authority to act are unavailable or have not taken action necessary to protect the juvenile from the danger and there is not time to petition for and obtain an order of the court prior to taking the juvenile into custody.
A.C.A. § 9-27-313 (emphasis added).
Removal of the child under the above-cited statutory authority is carried out by the Division of Children and Family Services. See A.C.A. §25-10-102; A.C.A. § 20-76-201; A.C.A. § 9-16-101 et seq. An emergency order must then be obtained under A.C.A. § 9-27-313. A probable cause hearing is held within five days of the emergency order. A.C.A. §9-27-315. An adjudication hearing is held within 30 to 50 days of the emergency order, A.C.A. § 9-27-327, and a disposition hearing is held thereafter. A.C.A. § 9-27-329.[1]
Because the Division of Children and Family Services is the division of the Department of Human Services that carries the responsibility of removing children from their homes under the authority of A.C.A. §9-27-313, it must be concluded that the first point at which the child is actually "in the care, custody, or guardianship of the division" is the point when the child is initially removed from the parent, guardian, or custodian.
Question 2 — Is it accurate to interpret Act 445 to mean that if at theprobable cause hearing the judge gives temporary custody of the child to arelative that the relative would be entitled to Kinship Foster Carepayment and benefits, provided the relative and the home meet theeligibility standards for foster parents?
It is my opinion that a relative who receives temporary custody of a child at a probable cause hearing is entitled to Kinship Foster Care payment and benefits only if that relative has been approved by the Division of Children and Family Services for participation in the Kinship Foster Care program.
This conclusion is evident from the unambiguous language of A.C.A. § 9-28-503(e). The preceding subdivisions of § 503 set forth the eligibility standards for participation in the program. Subdivision (e) then states:
9-28-503. Powers and duties of division-Eligibility standards.
 (e) If the relative is approved by the division to provide foster care services, in accordance with rules and regulations adopted by the division regarding foster care services, and a placement with the relative is made, the relative shall be eligible to receive payment for the full foster care rate for the care of the child and any other benefits that might be available to foster parents, whether in money or in services.
A.C.A. § 9-28-503(e).
The above-quoted section unambiguously requires approval of the Division of Children and Family Services as a prerequisite to receiving payment and benefits for the provisions of foster care services.
Question 3 — If a child who is in the "care, custody or guardianship ofthe division" is placed with a relative, does DCFS have discretion inwhether the relative receives Kinship Foster Care payment and benefits,or is the relative automatically eligible, provided that both therelative and the home meet the eligibility standards set forth in Act 445and DHS regulations governing foster care?
It is my opinion that if a child who is in the "care, custody or guardianship of the division" is placed with a relative, that relative can only receive Kinship Foster Care payment and benefits if the relative has previously been approved by the Division of Children and Family Services for participation in the Kinship Foster Care program.
Under the provisions of Act 445 [A.C.A. § 9-28-503], eligibility for benefits is clearly contingent upon previous approval by the Division. The pertinent language of the Act states: "If the relative is approved . . ., the relative shall be eligible. . . ." Id. The Division has full discretion in the matter of whether relatives are approved for participation in the Kinship Foster Care program. Id.; A.C.A. § 9-28-505. Once a relative has been approved by the Division for participation and a child has been placed with that relative, the relative is eligible to receive payment and benefits under the Kinship Foster Care program.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Because your question does not appear to inquire about situations involving allegations of delinquency, I have not outlined the special procedures applicable to such situations. Rather, the procedures outlined generally above are those applicable to situations involving allegations of either families in need of services, or dependent-neglected children.